UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 23-23988-CIV-MORENO**

JONATHAN E. PERLMAN, Esq., as court-
appointed Receiver of TCA Fund Management
Group Corp., et al.,

                  Plaintiff,

vs.

BOLDER FUND SERVICES (USA), LLC,
BOLDER FUND SERVICES (CAYMAN),
LTD., and BOLDER GROUP HOLDING
B.V.,

                  Defendants.

_____/

## ORDER DENYING DEFENDANTS BOLDER FUND SERVICES (CAYMAN) LTD.'S AND BOLDER FUND SERVICES (USA) LLC'S RULE 19 MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants Bolder Cayman's and Bolder USA's Rule 19 Motion to Dismiss (**D.E. 86**). The Court has considered the Motion, the response in opposition, the reply, the sur reply in support, the supplemental response in opposition, and is otherwise fully advised in the premises. Because under Rule 19(a)(1)(A) complete relief can be granted to the parties without the joinder of the Joint Official Liquidators and Foreign Representatives of TCA Global Credit Fund, and because Rule 19(a)(1)(B) does not require their joinder, the Court denies the Defendants' Motion to Dismiss.

## **BACKGROUND**

Chief District Judge Altonaga appointed Jonathan Perlman as the Receiver for multiple TCA funds and empowered the Receiver to bring actions on behalf of TCA. On May 13, 2020, the Grand Court of the Cayman Islands appointed Eleanor Fisher and Tammy Fu as the Joint Official Liquidators of TCA Global Credit Fund Ltd. ("TCA Ltd."), one of the four Receivership Entities. The Receiver filed this lawsuit on October 19, 2023. In part, the Receiver alleges that Bolder Cayman breached its contract with the Ltd. Fund. The other allegations also arise from the services provided pursuant to the contract.

The Court previously denied Defendants' motion to dismiss for *forum non conveniens*, concluding that the Receiver had properly sued in this Court and properly brought his claims against Florida law. Now, Defendants Bolder Cayman and Bolder USA move to dismiss the actions brought against them for nonjoinder. Defendants argue that the Joint Official Liquidators and Foreign Representatives are indispensable, or required, parties for the adjudication of this lawsuit as they are vested with the powers and responsibilities to act on behalf of the Ltd. Fund. Accordingly, Defendants assert that without joining the Joint Official Liquidators and Foreign Representatives, the Court cannot afford complete relief.

## **LEGAL STANDARD**

"Rule 19 provides a two-part test for determining whether an action should proceed in a nonparty's absence." *Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1305 (11th Cir. 1999).

"First, the party moving to dismiss an action for failure to join an indispensable party must establish the absent party is a 'required' party as defined by Federal Rule of Civil Procedure 19(a)." *State Farm Mutual Automobile Ins. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F.Supp.3d 1307, 1331 (S.D. Fla. 2017) (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)). If the absent party is not required, litigation proceeds. *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). If a court determines that an absent party is a required party, the court must order that party joined if joinder is feasible. *See* Fed. R. Civ. P. 19(a)(2). That joinder would convenience the course of litigation does not make an absent party required. *See State Farm Mutual Automobile Ins.*, 278 F.Supp.3d at 1331 (quoting *Clay v. AIG Aerospace Ins. Servs., Inc.*, 61 F.Supp.3d 1255, 1266 (M.D. Fla. 2014)). "Instead, an absent party is required where (1) the court cannot accord complete relief among the existing parties; (2) prejudice would result to the absent party's ability to protect itself in the instant action; or (3) the nonparty's absence would create a substantial risk that the existing parties would incur inconsistent or duplicative obligations." *Id.* (citations omitted).

Second, if the absent party is required, the court must determine whether dismissal is proper according to the factors set forth in Rule 19(b) and determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.*; Fed. R. Civ. P. 19(b). The moving party bears the burden of demonstrating which Rule 19(b) factors favor dismissal. *Molinos Valle Del Cibao*, 633 F.3d at 1347. A court should make its decision based on "pragmatic considerations, especially the effect on parties and litigation." *In re Torcise*, 116 F.3d 860, 865 (11th Cir. 1997).

## DISCUSSION

Defendants argue that the Joint Official Liquidators and Foreign Representatives are a required party under Rule 19 because the Court cannot accord complete relief without joining them and because the Defendants are at risk of incurring duplicative obligations. Defendants point to a voluntary global settlement among the Receiver, TCA's auditors, certain of Fund Management's former officers and directors, certain TCA investors, and the Joint Official Liquidators and Foreign Representatives as evidence that complete relief cannot be afforded. Specifically, Defendants posit that the fact that the Receiver had to negotiate the release of the Joint Official Liquidators and Foreign Representatives claim in another case before this Court demonstrates that only the Receiver and the Joint Official Liquidators and Foreign Representatives can give a full release on behalf of the Ltd. Fund.

First, the Court looks to the language of Rule 19(a)(1) to determine if the Joint Official Liquidators and Foreign Representatives are necessary parties:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> i. as a practical matter impair or impede the person's ability to protect the interest; or
>> ii. leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

## 1. **Rule 19(a)**

The Court rejects Defendants' argument that the Court cannot accord complete relief to the existing parties. Here, the sole relief the Receiver seeks is damages against the Defendants. If the Court were to enter a money judgment for the Receiver, or if it were to enter a judgment for Bolder, complete relief would be provided. *See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (finding that the district could provide complete relief among the litigants when the "court could award all of the requested relief without haling" the non-parties in question "into court because [defendant] was fully able to pay damages and comply with injunctions"); *cf. Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (finding that a nonparty was required when complete relief could not be afforded in the nonparty's absence, as the defendant could not require the relief requested without the nonparty's compliance).

The Defendants do not dispute that they are able to pay damages, and they do not dispute that this is the only relief the Receiver requests. Rather, Defendants argue that the Court cannot accord complete relief because they may still be sued by the Joint Official Liquidators and Foreign Representatives. But that is not the proper inquiry under Rule 19. Thus, the Joint Official Liquidators and Foreign Representatives are not necessary parties under Rule 19(a)(1)(A) because the Court can provide "complete relief" among the litigants without joining them.

## 2. **Rule 19(b)**

Further, Rule 19(a)(1)(B) does not require that the Joint Official Liquidators and Foreign Representatives be joined. Section (B)(i) does not make the Joint Official Liquidators and Foreign Representatives necessary because they have no rights at stake in the litigation that are in danger of being "impair[ed] or imped[ed]" by the case proceeding without them.

5

Here, the nonparties have never attempted to intervene, which ends our analysis under Section (B)(i). *See, e.g.*, *Landmark Equity Fund II, LLC v. Residential Fund 76, LLC*, 631 F. App'x 882, 885 (11th Cir. 2015) (per curiam) (affirming district court's denial of motion to dismiss where absent parties never attempted to intervene). And further, the Joint Official Liquidators and Foreign Representatives have no rights at stake in the litigation as they have no interest in the claims brought by the Receiver in this action on behalf of three out of four of the entities at issue. The Defendants seem to recognize this as they note that the nonparties "themselves stated that their claims are distinct from the Receiver's." (D.E. 86, p. 9). In other words, the Receiver represents four Receivership Entities; the Joint Official Liquidators and Foreign Representatives represent only one of those entities. As such, they have no interest in claims brought on behalf of Receivership Entities they do not represent.

The Court is likewise unpersuaded that under section (B)(ii) the Defendants will be subject to a risk of double, multiple, or otherwise inconsistent obligations. Defendants posit that they may be held liable twice, or that the Court could find that Defendants have no liability related to the Net Asset Value whereas the Cayman court does (and *vice versa*). But Defendants mistake the meaning of the term "inconsistent obligations" under section (B)(ii). The Eleventh Circuit has used a First Circuit Panel to explain:

> "Inconsistent obligations" are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum."

*Winn-Dixie Stores, Inc.*, 746 F.3d at 1040 (quoting *Delgado v. Plaza Las Arms., Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (per curiam)). There is no risk of inconsistent obligations here where the Receiver seeks only monetary damages. *See Lafratta v. Whirlpool Corp.*, No. 18-CV-62788-UU, 2019 WL 7986768, at *2 (S.D. Fla. Apr. 5, 2019) (citing *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 685 (S.D. Fla. 2014)). Rule 19(a) does not address and indeed is not meant to remedy the Defendants concerns regarding what they call "double jeopardy." (D.E. 86, p. 8–9).

Defendants do not face section (B)(ii) inconsistent obligations and have "no other Rule 19(a) hook on which to hang its mandatory joinder hat. As a result, [the Court] need not reach the second step to consider, under Rule 19(b), 'whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Winn-Dixie Stores, Inc.*, 746 F.3d at 1040 (quoting Fed. R. Civ. Pro. 19(b)).

## CONCLUSION

For the reasons stated above, it is **ADJUDGED** that the Defendants' Rule 19 Motion to Dismiss is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___14th___ of August 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record