UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-23988-CIV-MORENO

JONATHAN E. PERLMAN, Esq., as court-
appointed Receiver of TCA Fund Management
Group Corp., et al.,

    Plaintiff,

vs.

BOLDER FUND SERVICES (USA), LLC,
BOLDER FUND SERVICES (CAYMAN),
LTD., and BOLDER GROUP HOLDING
B.V.,

    Defendants.
_____/

## ORDER GRANTING RECEIVER'S MOTION TO COMPEL BOLDER TO PRODUCE INSURANCE AGREEMENTS PURSUANT TO RULE 26

THIS CAUSE came before the Court upon Receiver's Motion to Compel Bolder to Produce Insurance Agreements Pursuant to Rule 26 (**D.E. 130**), filed on **June 30, 2025**.

## BACKGROUND

Chief District Judge Altonaga appointed Jonathan Perlman as the Receiver for multiple TCA funds and empowered the Receiver to bring actions on behalf of TCA. On May 13, 2020, the Grand Court of the Cayman Islands appointed Eleanor Fisher and Tammy Fu as the Joint Official Liquidators of TCA Global Credit Fund Ltd. ("TCA Ltd."), one of the four Receivership Entities. The Receiver filed this lawsuit on October 19, 2023. In part, the Receiver alleges that Bolder Cayman breached its contract with the Ltd. Fund. The other allegations also arise from the services provided pursuant to the contract.

In early 2024, the parties attended a global mediation involving the Receiver and the parties to a related action against TCA's former auditors. At that time, the Rule 26 deadline had not yet occurred, and Bolder declined to provide copies of its policies, but gave the Receiver a written representation of the amount of its available coverage. Following the mediation, Bolder disclosed to the Receiver that it had more insurance coverage than it had represented at the mediation. A month later, on September 4, 2024, Bolder served its Rule 26 disclosures in this case, which attached copies of a primary number and an excess policy number ("the Policy"). The Policy limits were consistent with the post-mediation disclosure Bolder made and covered only claims made from June 30, 2019, through July 29, 2020.

On December 6, 2024, Bolder Cayman filed a Motion to Dismiss under Rule 19, arguing that the Joint Official Liquidators were indispensable parties because "no insurance money would be left [under the Policy] to pay the JOLs if" the case was to proceed without them. (D.E. 86 p. 11). On May 22, 2025, the parties attended a mediation that continued for several days. Because Bolder posited that the Receiver's claims and the Joint Official Liquidators' claims must be resolved in one setting, the Receiver and Bolder agreed to invite the Joint Official Liquidators to attend the Court-ordered mediation of this matter, to which the Joint Official Liquidators agreed. After the mediation, the Court denied Defendants' motion to dismiss for nonjoinder because it determined that complete relief can be granted to the parties without the joinder of the Joint Official Liquidators and Foreign Representatives of TCA Global Credit fud, and because it determined thar Rule 19 does not require their joinder.

During the mediation, a dispute arose as to the adequacy and completeness of Bolder's insurance disclosures. The Policy Bolder disclosed is limited to a Policy covering a period in 2019 and 2020. The Receiver filed this action in October 2023 and the Joint Official Liquidators made

their related claims in May 2025. Accordingly, the questioned how and why Bolder's available insurance is limited to a Policy covering a period in 2019 and 2020 as opposed to policies covering up to 2025. Bolder declined to produce any additional policies, and instead provided an Affidavit from its CEO, Sukru Evrengun, which states that Bolder "does not maintain, nor are they covered by, any other insurance policy or policies, whether primary, secondary, excess, or otherwise, that provide coverage for any claim related to the TCA funds at issue in the above-captioned lawsuit, except for the previously disclosed insurance policies." (D.E. 130-1 p. 2).

The dispute resulted in an impasse. The Receiver filed the instant Motion to Compel, asking the Court to order Bolder to produce copies of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against Bolder in this case including all policies in effect for any period from July 30, 2020, through May 2025.

## ANALYSIS

Federal Rule of Civil Procedure 26(a) requires a party to provide "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). The rule is intended to "enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26 advisory committee's note (1970 Amendment). Under Rule 26, "an insurance company must disclose even when it contests liability under the policy . . . ." *Id.* "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(a).

Bolder argues that it has produced the relevant insurance policies and more, including the subject policies, the notice Bolder gave to its broker of all potential claims related to TCA, and an

3

executed declaration attesting that all policies have been disclosed. Indeed, Bolder produced a Policy from the 2019–2020 period. Bolder further produced a notice that it gave to its broker in January 2020 of all potential claims related to TCA. But that is not enough under Rule 26. The email Bolder discusses in its response does not mention the Receiver or the claims in this case, as the email was written in 2020, and these claims were first raised in 2023. (D.E. 135-3 p.2). It follows, then, that the notice cannot sufficiently indicate whether any policies for periods after 2020 may be available to satisfy any judgment in this action. And Mr. Evrengun's affidavit does not rectify this issue. The Court is not inclined to allow Mr. Evrengun, Bolder's CEO, to assert that none of Bolder's insurance policies for 2021–2025 provide additional or greater coverage for any claim the Receiver has made against Bolder.

Bolder further posits that the Motion is an improper attempt to conduct discovery for the Joint Official Liquidators for insurance information that they are not entitled to in the Cayman Islands. The Court disagrees. The Receiver is permitted under Rule 26 and Rule 37 to review and demand the information it seeks to compel in the instant motion. Further, any arguments made regarding Bolder's Rule 19 Motion to Dismiss are moot, as the Court has since denied that motion. (D.E. 137).

Bolder also argues that the motion is untimely under Local Rule 26.1(g)(2). Local Rule 26.1(g) is inapplicable here. Federal Rule of Civil Procedure 26(a)—the rule at issue—governs initial disclosures. Local Rule 26.1(g) applies to discovery disputes, which are addressed by the Federal Rules of Civil Procedure in Rule 26(b). Even if the Local Rule applied, the Court has discretion per Local Rule 26.1(g)(2)(B) to excuse the Receiver's untimely presentation of a discovery dispute upon a showing of good cause. Good cause may be shown where a party was making a good faith effort to resolve the dispute without court intervention. *E.g.*, *ADP, LLC v.*

*Ultimate Software Grp., Inc.*, No. 17-CV-61272, 2017 WL 7794274, at *1 (S.D. Fla. July 26, 2017). Here, the correspondence of counsel shows that the Receiver has given Bolder time to provide responses, and indeed that all parties have demonstrated an effort to resolve the dispute without Court intervention. (D.E. 136-1). If the Local Rule applies, the Court finds good cause under these circumstances to excuse the Receiver's delay in presenting this dispute to the Court.

Finally, the Court declines to award the Receiver fees and costs incurred bringing this motion as it finds that Bolder's responses, including the production of the 2019–2020 Policy and its affidavit were substantially justified. As stated above, the parties have demonstrated an effort to resolve the dispute without Court intervention, and counsel correspondence indicates that Bolder reasonably believed the affidavit resolved the dispute.

## **CONCLUSION**

For the reasons stated above, it is

**ADJUDGED** that the motion is GRANTED. Bolder shall produce copies of insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment against Bolder in this case, including all policies in effect for any period from July 30, 2020, through May 5, 2025.

It is further

**ADJUDGED** that Plaintiff's Motion to Clarify (D.E. 138) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd of October 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record